UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PATRICK GRIFFIS, and PATRICK GRIFFIS, individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:10-CV-204-TRM-DCP ) |
| EOD TECHNOLOGY, INC. (N/K/A JANUS GLOBAL OPERATIONS LLC), | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Quash Subpoena [Doc. 362], filed by Adrianne Vazquez ("Movant"). Defendant filed a response in opposition to the motion [Doc. 369], and Movant filed a reply [Doc. 381]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **GRANTS** the motion [**Doc. 362**].

**I.  ANALYSIS**

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to nonparties, including subpoenas to obtain trial testimony. Fed. R. Civ. P. 45(a)(1)(A)(iii). On September 16, 2024, Defendant served Movant with a subpoena instructing her to appear for the trial in this matter [Doc. 362 p. 1]. She objects to the subpoena stating that it is beyond the geographical bounds allowed and it presents an undue burden.

According to Movant, she is "a resident of Smithville, Missouri[,] and employed in Kansas City, Missouri" [Doc. 362-1 ¶ 1]. She states that "Kansas City, Missouri[,] is over 680 miles from Chattanooga, Tennessee[,] the location of trial" [Doc. 362 p. 1]. Pursuant to Rule 45(d)(3)(A)(ii), Movant argues that the Court must quash the subpoena because she lives beyond the 100-mile geographic scope [*Id.*]. Defendant responds that the "[False Claims Act's] plain language allows for nationwide service of process in [False Claims Act] cases" [Doc. 369 p. 2].

Rule 45 provides that "the court for the district where compliance is required must quash or modify a subpoena that[] . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)[.]" Fed. R. Civ. P. 45(d)(3)(A)(ii). Rule 45 states that a subpoena may command a person to attend trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). The False Claims Act ("FCA") provides that "[a] subpena [sic] requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States." 31 U.S.C. § 3731(a). Although the Sixth Circuit Court of Appeals has not decided, "the vast majority of courts to have considered Section 3731(a) have held that this statute grants nationwide subpoena power in FCA cases." *United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003, 2022 WL 18012008, at *2 (D. Minn. Dec. 30, 2022) (collecting cases); *see also* [Doc. 350 p. 3 ("At the urging of the Department of Justice, Congress gave courts the authority to bring witnesses nationwide into court by subpoena in FCA cases.")].

But, even so, Movant asserts that the subpoena constitutes an undue burden under Rule 45(d)(3)(A)(iv). According to Movant, "Vazquez Commercial Contracting employed [Relator] from June 8, 2020, until he voluntarily resigned his employment on May 15, 2024" [Doc. 362-1 ¶ 5]. She states that she has "no information regarding [his] employment with [Defendant] or his

2

Case 3:10-cv-00204-TRM-DCP   Document 383   Filed 10/03/24   Page 2 of 6   PageID #: 32718

separation therefrom" or this lawsuit [*Id*. ¶ 6]. Vazquez Commercial Contracting ("VCC") produced a copy of Relator's employment records to Defendant [*Id*. ¶ 7]. In addition, she states that she is the head of the human resources department and that she only has one assistant in this department [*Id*. ¶ 3]. Therefore, Movant asserts, her "absence for multiple days will adversely affect [her] organization" [*Id*.]. Further, she is "the primary caregiver and source of transportation for [her] minor child" [*Id*. ¶ 4].

Defendant asserts that "[Movant] was intimately involved in the circumstances of Relator's sudden, voluntary departure from VCC following his accusations that VCC engaged in misconduct and other improprieties—in a manner similar to Relator's claims against [Defendant]" [Doc. 369 p. 5]. It states that Movant's testimony is relevant to Relator's efforts to mitigate; it shows his practice of accusing his employers of misconduct, which weighs on credibility; and "the testimony will address the unfounded suggestion, made in [a] deposition of [a defense] witness, that [Defendant's] contact with VCC during discovery resulted in Relator's separation from VCC" [*Id*.]. Defendant concludes that "[Movant's] limited inconvenience does not outweigh [its] need for her testimony" [*Id*. at 6]. It submits that it "will cover reasonable travel and lodging costs for [her], and will work to provide her as much advanced notice as possible as to when it anticipates presenting her testimony during trial" [*Id*. at 1].

Movant replies that "Defendant made no offer to reimburse . . . her airfare or hotel expenses until [she] filed her Motion to Quash [Doc. 381 p. 2 (emphasis omitted)]. She states that "Defendant completely ignores the significant personal and professional burden compliance with its subpoena would pose on [her]" [*Id*.]. She claims that her "purported testimony is not relevant to the issues in this case and is likely inadmissible" [*Id*.].

3

"[T]he decision whether to quash, modify, or condition a subpoena is within the district court's discretion." *Englar v. 41B District Court*, No. 04-CV-73977, 2009 WL 3497801, at *6 (E.D. Mich. Oct. 29, 2009) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 at 485-86 (3d ed. 2008)). As further explained:

> Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena. The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source. It obviously is a highly case specific inquiry and entails an exercise of judicial discretion.

*Id.* (quoting 9A Wright & Miller at 501–06). The party seeking to quash the subpoena bears the burden. *Almanza v. Sessions*, No. 3:15-CV-389, 2018 WL 5263033, at *5 (E.D. Tenn. June 15, 2018) (citation omitted).

The Court finds that Movant has established her burden to quash the subpoena. As noted above, Defendant presents three reasons as to why it needs Movant's trial testimony. First, it states it needs Movant's testimony for mitigation efforts and whether Relator's claimed harm can be attributed to Defendant. But as Movant asserts, "[Relator] does not intend to seek employment damages after 2023, well before [his] resignation" [Doc. 381 p. 3 (citing Doc. 339-3 pp. 11–19)]. Given that, the Court does not find Movant's testimony in this regard to be relevant. With respect to Plaintiff's "claimed harm," to the extent permissible, Defendant may examine Relator about this subject.

Second, Defendant states that Movant's testimony will "show[] Relator's practice of accusing his employers of misconduct, which in turn weighs on his credibility" [Doc. 369 p. 5]. Pursuant to Rule 404 of the Federal Rules of Evidence, however, "Evidence of any other crime,

4

wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1);[1] *see also* Fed. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.").

Third, Defendant argues that "the testimony will address the unfounded suggestion, made in [a] deposition of [a Defendant's witness], that [Defendant's] contact with VCC during discovery resulted in Relator's separation from VCC" [*Id.*]. According to Movant, however, this inquiry was posed by Plaintiff's counsel and the "at-issue question was not designated by either party" [Doc. 381 p. 5 (citation omitted)]. Movant further represents that her counsel "has contacted counsel for [Relator], who has clarified that the at-issue question was the result of a mistaken understanding by counsel, and that [Relator] has no intention of testifying that any contact by [Defendant] to VCC resulted in a termination from VCC" [*Id.*]. Based on this representation, the Court finds Movant's testimony on this issue also irrelevant.

---

[1] Character evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Civ. Evid. 405(b)(2). Defendant states that such evidence weighs on Relator's credibility. The Sixth Circuit Court of Appeals applies a three-part test to determine whether the evidence may be admissible for another purpose: (1) "a preliminary determination as to whether sufficient evidence exists that the prior act occurred[,]" (2) "a determination as to whether the 'other act' is admissible for a proper purpose under Rule 404(b)[,]" and (3) "whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001) (citation omitted). But there is no evidence that Relator wrongfully accused VCC employees of engaging in misconduct. "With regard to the second requirement, past acts must be 'substantially similar and reasonably near in time to' the matters at issue in the current trial.'" *Garren v. CVS RX Servs., Inc.*, No. 3:17-CV-149, 2021 WL 781677, at *10 (E.D. Tenn. Mar. 1, 2021) (quoting *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985)). There is no evidence that Relator's past acts are substantially similar to the allegations against VCC, and the matters are not in close temporal proximity. Finally, allowing such testimony will only serve to waste the parties' limited time [*see* Doc. 376] litigating disputes about Relator's employment with VCC.

The Court has also considered Movant's burden: traveling 680 miles away from her home and being away from her professional obligations and her minor child for whom she is the primary caregiver [*See* Doc. 362-1]. Considering that she does not have any relevant or admissible testimony to offer in this matter, the Court finds these burdens outweigh the benefits of complying with the subpoena. *See Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2023 WL 3113703, at *2 (S.D. Ohio Apr. 27, 2023) (granting the defendant's motion to quash the trial witnesses' subpoenas because the witnesses did not have any personal knowledge of the facts at issue); *Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 2:20-CV-00016-D, 2022 WL 6251966, at *3 (E.D. N.C. Oct. 7, 2022) (quashing a trial subpoena because the witness's "testimony would provide a 'marginal benefit' in resolving the 'important issues' at stake in [the plaintiff's] Title VII claim").

## II. CONCLUSION

For the reasons sated above, the Court **GRANTS** the Motion to Quash Subpoena [**Doc. 362**]. The subpoena Defendant served on Adrianne Vazquez is hereby **QUASHED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge